CRISTÓBAL MORALES, demandante y apelante, *v.* P. GONZÁLEZ & Co., S. EN C., y P. GONZÁLEZ Y GONZÁLEZ, demandados y apelados.

No. 4617.—*Sometido:* Marzo 7, 1929. *Resuelto:* Julio 10, 1930.

*F. Soto Gras,* abogado del apelante; *J. Martínez Dávila,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante Cristóbal Morales era vendedor de harinas importadas por P. González & Cía., S. en C., consistiendo su remuneración en un tanto por ciento de las harinas que vendiese, según contrato entre las partes. Al terminar ese contrato P. González & Cía., S. en C., rindió una cuenta con

saldo a favor de Morales, quien estuvo conforme en general con esa cuenta pero impugnó seis de los cargos que se le hicieron en el debe y alegó que no se le habían hecho dos abonos en su haber. No estuvo conforme la mercantil con esas reclamaciones y Morales presentó su demanda, según la cual los seis cargos hechos indebidamente ascienden a $668.15, y las dos partidas dejadas de abonar a $2,358.53, con saldo a su favor de $2,787.

La sentencia dictada en el pleito declaró que de las seis partidas del debe alegadas como indebidas por el demandante, tres ascendentes a $349.17 debían ser eliminadas y que en cuanto a las dos reclamadas para el haber una sola de $99.37 era procedente, y deduciendo $247.18 tomados por el demandante después de rendida la cuenta, condenó a la demandada a pagar al demandante la diferencia de $201.31, sin especial condena de costas.

Contra esa sentencia interpuso esta apelación el demandante con el fin de que declaremos que las otras tres partidas del debe con total de $318.98 son también improcedentes, y que debe serle abonado en su haber la cantidad de $2,259.16 que la sentencia le niega. La parte apelada no ha comparecido en este recurso.

Las cláusulas pertinentes ahora del contrato entre las partes son substancialmente así: Por la cláusula quinta se convino en que en cualquier venta hecha en la sociedad a los clientes personalmente o en cualquier otra forma por cualquier empleado o miembro de la sociedad, para los efectos de los beneficios de Morales regirán las mismas condiciones expresadas en el párrafo tercero con excepción de los distritos de Ponce, Mayagüez, Guayama, Arecibo y Aguadilla, en los que la mercantil tiene agentes locales a comisión y por tanto, de las órdenes trabajadas y conseguidas personalmente por los susodichos agentes no tendrá derecho Morales a percibir beneficio alguno; y con excepción también de las ventas que puedan hacerse en esta forma en los almacenes de San Juan y de la Isla, pedidas directamente al molino.

Por la cláusula novena se estipuló que las liqüidaciones de comisiones y sobreprecios serán efectuadas en la forma siguiente: (a) De cada vapor se practicaría una liquidación parcial creditiva de las harinas llegadas y entregadas a los clientes; acreditándole a Morales en su cuenta de comisiones (para los efectos de la contabilidad) el cincuenta por ciento de los beneficios obtenidos, pudiendo disponer de las cantidades correspondientes a la parte de comisión y los sobreprecios tan pronto como el cliente haya reembolsado el importe de la correspondiente factura; (b) que liquidaciones generales serían practicadas cada seis meses a partir de la fecha del contrato, balanceando en esas fechas el debe y el haber resultante de la cuenta de beneficios obtenidos y cantidades percibidas por Morales; (c) que en todas las harinas que se compren para especulación, Morales tendrá el cincuenta por ciento de las pérdidas si las hubiese excepto las de los clientes que no las pagasen, pues en este caso Morales quedará exento y sólo perderá la comisión y el sobreprecio que a él pertenezca por las mismas.

El demandante y el demandado declararon en el juicio pero sus testimonios no son de importancia para las cuestiones que han de ser resueltas porque ambas partes convinieron en que el memorándum que el demandante envió a la mercantil con respecto a esas partidas y la contestación escrita de la mercantil fuesen tomadas como sus declaraciones. Por cierto que esas notas contienen pocos hechos y mucha argumentación.

Comenzaremos por la partida de $80.31 cuya eliminación del debe interesa el apelante. Esta partida es un contraasiento, pues habiendo sido abonada a la apelante en su haber esa cantidad quedó sin efecto mediante un cargo por la misma suma en el debe.

En el memorándum del demandante se dice que ese asiento es por harinas vendidas por él a Salas & Cía. de Mayagüez y abonadas las comisiones correspondientes en su cuenta, sin que exista razón para anular ese abono. A esto contestó la

mercantil que Salas & Cía. son sus agentes en el distrito de Mayagüez y que a éste corresponde el sobreprecio y comisiones de las harinas vendidas por los señores Salas quienes efectuaron la venta y obtuvieron el correspondiente sobreprecio y comisión, e hizo referencia al artículo 5 del contrato. La corte inferior no accedió a esta reclamación del demandante porque no fué probada suficientemente por él, ya que su afirmación de que vendió las harinas a Salas & Cía. de Mayagüez, está contradicha por el demandado, pruebas únicas que tenía ante sí.

Creemos que tuvo razón la corte sentenciadora pues existe realmente esa contradicción entre las partes en sus memorándums que sirven como declaraciones de hechos. Además, según la cláusula quinta del contrato las comisiones a que tiene derecho Morales no rigen en los distritos en que la mercantil tiene agentes, siendo el suyo en Mayagüez Salas & Compañía; y no parece razonable que Morales vendiera las harinas de la mercantil a Salas & Cía. siendo ésta el agente de aquélla en Mayagüez.

Otra partida del debe objeto de esta apelación es el cargo que por $42.50 se hace en la cuenta al señor Morales. Esa cantidad es la mitad de los gastos que la mercantil tuvo al traer a San Juan los sacos de harina que fueron enviados al señor Padilla, de Arroyo, y que él se negó a recibir.

El comisionista Morales estaba obligado por el contrato a pagar todos sus gastos pero no encontramos en el convenio estipulación alguna por la cual tenga que satisfacer la mitad de los gastos que ocurran al traer a San Juan las harinas cuando las rechaza el comprador, por lo que la partida de $42.50 que se ha cargado en su cuenta por la mitad de dichos gastos no es procedente.

La partida de $196.17 que fué cargada en el debe, cuya eliminación solicita el apelante, y la de $2,259.16 que alega debe serle abonada en su haber están relacionadas entre sí.

La mercantil había abonado los $196.16 por la comisión

de Morales en la venta que hizo de unas harinas que los molinos de los Estados Unidos no enviaron, y para dejar sin efecto ese abono se le cargó igual cantidad en el debe. Los $2,259.16 son por comisiones de venta por Morales de harinas que tampoco vinieron a la Isla.

La demandada dice que Morales no tiene derecho a esas comisiones porque las harinas no pudieron ser entregadas a los compradores por lo que no llegó a haber una verdadera venta. El apelante, por otra parte, dice que él hizo las ventas y que no existe cláusula en el contrato por la cual el no deba percibir sus comisiones.

Es cierto que el contrato no contiene cláusula que expresamente prevea el caso de que vendidas las harinas por el comisionista no sean enviadas por los molinos y no puedan por ese motivo ser entregadas a los compradores. Sin embargo, como la cláusula 9 A estipula que Morales puede disponer de sus comisiones cuando el comprador haya pagado; y como el apartado C del mismo artículo dice que las harinas compradas para especulación, cuando los clientes no las paguen el señor Morales perderá la comisión y el sobreprecio que a él le pertenezcan, podemos concluir que la intención de las partes fué que el comisionista cobrase siempre que pagasen las personas que a él le compraban; regla que debe ser aplicada a casos en que el pago no se hace por el motivo de no serles entregadas las harinas por no haber sido recibidas, aunque el comisionista haya realizado todo lo que tenía que hacer. Por otra parte no parece justo que la mercantil tenga que pagar comisión de venta por harinas que en realidad no han sido vendidas porque por causa ajena no pudo entregarlas. Por consiguiente la partida de $196.17 no puede ser eliminada del debe en la cuenta y la de $2,259.16 no debe ser abonada al demandante.

En vista de las conclusiones a que llegamos es innecesario resolver el tercer motivo del recurso alegado para que declaremos que el demandado debe pagar todas las costas.

*La sentencia apelada debe ser modificada en el sentido*

*de condcnar a los demandados a pagar al demandante la
cantidad de $243.81, y así modificada debe ser confirmada.*